IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BRADLEY Y. SCHORR and ) <br> LORI A. SCHORR, Individually, ) <br> and on behalf of a class of similarly ) <br> situated persons, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COUNTRYWIDE HOME LOANS, ) <br> INC., ) <br> ) <br> Defendant. ) | Civil Action <br> File No.: _____ |

**CLASS ACTION COMPLAINT AND STATUTORY WRITTEN**
**DEMAND FOR LIQUIDATED DAMAGES PURSUANT TO O.C.G.A. § 44-14-3**

COME NOW Plaintiffs and file this Complaint on behalf of themselves and on behalf of a class of all similarly situated persons. Plaintiffs show the Court the following:

**I.      PARTIES, JURISDICTION, & VENUE**

1.      Plaintiffs, Bradley Y. Schorr and Lori A. Schorr, are residents of Harris County, Georgia located within the Middle District of Georgia.

2.      Plaintiffs bring this action individually and on behalf of a class of all persons who granted one or more security deeds which was secured by property in Georgia to Defendant Countrywide Home Loans, Inc., which security deeds were not cancelled within sixty (60) days of the underlying loan being paid in full in accordance with O.C.G.A. § 44-14-3.

3.      Defendant Countrywide Home Loans, Inc. ("Countrywide") is a New York corporation which maintains a registered agent in Georgia, namely Prentice-Hall

Corporation Systems, 40 Technology Parkway, South #300, Norcross, Gwinnett County, Georgia 30092.

4. Countrywide Home Loans, Inc. is subject to personal jurisdiction in this Court because it transacts substantial business in Georgia and in the Middle District of Georgia, and it has agents and maintains offices in the State of Georgia and in this District. Defendant Countrywide is registered to conduct business in the State of Georgia, and regularly does conduct and solicit business in Georgia and in this District. Defendant derives substantial revenue from its business with the citizens of Georgia and from its business within this District.

5. Defendant's continuous and systematic business contacts within the State of Georgia subject it to the personal jurisdiction of this Court pursuant to Georgia's long arm statute and the requirements of due process.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Countrywide Home Loans, Inc. resides in this judicial district as it is subject to personal jurisdiction in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district, and because property that is the subject of this action is situated within this District in Harris County, Georgia.

7. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the Class Action Fairness Act. 28 U.S.C. § 1332(d).

8. The matter in controversy of this civil action exceeds the sum or value of $5,000,000 exclusive of interest and costs.

9. This case is a proposed class action lawsuit in which a member of the class of plaintiffs is a citizen of a State different from Defendant Countrywide. The named Plaintiffs, Bradley Y. Schorr and Lori A. Schorr, are citizens of Georgia. Defendant Countrywide is a citizen of New York where it is incorporated, and it has its principal office in Calabasas, California.

10. The number of members of the proposed plaintiff class in the aggregate is more than 100.

## II. OPERATIVE FACTS

11. Plaintiffs financed their home located in Harris County, Georgia with Defendant Countrywide Home Loans, Inc. In connection with the home loan, Plaintiffs granted a security deed to Fairfield Financial Services, Inc. d/b/a Group Financial Southeast, which was succeeded in interest by Defendant Countrywide Home Loans, Inc. For purposes of this Complaint, "loans" is expressly limited to loans covered by O.C.G.A. § 44-14-3.

12. The security deed held by Defendant was filed in the Office of the Clerk, Superior Court, Harris County, Georgia, and is recorded in Deed Book 605, Page 486, dated December 5, 2002.

13. The underlying loan was paid in full on or about July 29, 2003.

14. O.C.G.A. § 44-14-3 required Countrywide Home Loans, Inc. to take steps to direct the clerk of court where the security deed was filed to cancel the security deed within sixty (60) days of that July 29, 2003 payment in full.

15. The relevant statutory language mandates the following:

> Whenever the indebtedness secured by an instrument is paid in full, the grantee or holder of the instrument, within sixty (60) days of the date of

3

> the full payment, shall cause to be furnished to the clerk of the superior court of the county or counties in which the instrument is recorded a legally sufficient satisfaction or cancellation to authorize and direct the clerk or clerks to cancel the instrument of record.

O.C.G.A. § 44-14-3(b) (1).

16. Countrywide Home Loans, Inc. failed to satisfy its statutory duty with respect to the security deed granted by Plaintiffs because Countrywide failed to cancel the security deed within sixty (60) days of the date of full payment of the underlying loan.

17. The security deed granted by Plaintiff (Deed Book 605, page 486) was not cancelled by Countrywide Home Loans, Inc. with the Clerk of the Superior Court of Harris County, Georgia, and an Affidavit of Cancellation was required to be executed and filed with the Clerk of the Superior Court of Harris County, Georgia. Attached hereto as Exhibit "1" is an Affidavit for Cancellation that was filed with the clerk of the Superior Court of Harris County, Georgia on December 21, 2004 and recorded in Deed Book 780, page 572.

18. Countrywide Home Loans, Inc. failed to take the steps necessary to ensure that the security deed would be cancelled within the statutory sixty (60) day period.

19. On information and belief, Countrywide Home Loans, Inc., routinely fails to satisfy its statutory duty with respect to its customers.

20. This complaint is based on the breach of statutory duties imposed by O.C.G.A. § 44-14-3.

21. Plaintiffs made a written demand to Countrywide for liquidated damages.

### III. WRITTEN DEMAND FOR LIQUIDATED DAMAGES

22. Plaintiffs and all other similarly situated persons are entitled to $500 in

4

statutory liquidated damages for the failure by Countrywide Home Loans, Inc. to fulfill its statutory duty under O.C.G.A. § 44-14-3.

23.     Pursuant to O.C.G.A. § 44-14-3(c), Plaintiffs hereby again demand on behalf of themselves and other similarly situated persons statutory liquidated damages for each failure by Countrywide Home Loans, Inc. to fulfill its statutory duty under O.C.G.A. § 44-14-3 to Plaintiffs and the class members.

### IV.     CLASS REPRESENTATION ALLEGATIONS

#### A.     DEFINITION OF THE CLASS

24.     In accordance with Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and on behalf of a class of all similarly situated persons who granted one or more security deeds which was secured by property in Georgia to Defendant Countrywide Home Loans, Inc., which were not cancelled within sixty (60) days of the underlying loan being paid in full in accordance with O.C.G.A. § 44-14-3.

25.     The time period for the class is twenty (20) years, as this is an action for breach of statutory duty. O.C.G.A. § 9-3-22.

26.     Plaintiffs seek the certification of a class under Fed. R. Civ. P. 23(b)(3) defined as follows:

> All persons who borrowed funds from Countrywide Home Loans, Inc.
>
> (a) whose loan was secured by a security deed on property in Georgia in favor of Countrywide Home Loans, Inc.,
>
> (b) whose loan has been paid in full,

      (c) for whom Countrywide Home Loans, Inc. did not submit a proper cancellation to the appropriate Superior Court within sixty (60) days of the loan payoff, and,

      (d) whose security deed was not cancelled within sixty (60) days of the loan payoff.

The precise identity of the class members is readily ascertainable based on objective criteria and can be ascertained using information possessed by Countrywide Home Loans, Inc., along with computer records and clerical assistance – thus rendering unnecessary an evidentiary hearing on each claim.

27.    This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

### B.    NUMEROSITY

28.    The class is so numerous that individual joinder of all class members as parties to this action would be impractical. The exact number and identities of class members are unknown at this time and can be ascertained through appropriate discovery.

### C.    COMMON QUESTIONS OF LAW AND FACT

29.    Questions of law and fact of common and general interest to the class exist as to all class members. Said common questions include, but are not limited to, the following:

      (a)    Whether Countrywide Home Loans, Inc. had a statutory legal duty to contact the clerk's office in the county where the security deed is filed within sixty (60) days of the time when the secured loan was paid in full;

(b) Whether Countrywide Home Loans, Inc. satisfied its statutory legal duty to take action to ensure cancellation of security deeds within sixty (60) days of loan payoff, with respect to Plaintiffs and the class members;

(c) Whether the reasonable attorneys fees set forth in O.C.G.A. § 44-14-3 are to be assessed in addition to any benefit to the class.

### D.     TYPICALITY

30.     Plaintiffs' claims are typical of the claims of other class members, in that all such claims arise out of the failure of Countrywide Home Loans, Inc. to take the proper steps to ensure that security deeds are cancelled within the statutory sixty (60) day time period.  Plaintiffs and other class members have suffered a common injury arising out of Defendant's common course of conduct alleged herein.

### E.     ADEQUATE REPRESENTATION

31.     Plaintiffs will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to or in conflict with those of class members.

32.     Plaintiffs have retained class counsel competent to prosecute class actions, including consumer class actions, and they intend to prosecute this action vigorously for the benefit of the class.

### F.     SUPERIORITY

33.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical.  Further, as damages suffered by each class member will be relatively small, the expense and burden of the individual litigation would make is difficult or impossible

for individual members of the class to obtain relief.  In addition, many members of the proposed class are unaware that they may be entitled to liquidated damages.  The interests of judicial economy favor adjudicating the claims as a class.

### G. COMMON QUESTIONS OF LAW AND FACT PREDOMINATE

34. Questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The issue of whether Countrywide Home Loans, Inc. must pay liquidated damages is the same for every potential class member.  The precise date of loan payoff and the fact of whether the security deed was properly cancelled by Countrywide within sixty (60) days thereof, along with the date Countrywide Home Loans, Inc. attempted to obtain cancellation of the security deed, for any particular class member is determinable using objective criteria and can be resolved through the use of a computer or clerk without the need for an individual hearing on each claim.

### V. LIABILITY OF DEFENDANT

35. Defendant Countrywide Home Loans, Inc. is liable to Plaintiffs and to the class members for the following:

    (a) breach of statutory duty set forth by O.C.G.A. § 44-14-3, for failing to take steps to ensure cancellation of security deeds within sixty (60) days of loan payoff, for Plaintiffs and the class members; and

    (b) negligence, for failing to take steps to ensure that it had systems in place to ensure that its complies with its statutory duty; and

  (c)  liquidated damages as set forth in O.C.G.A. § 44-14-3 and interest thereon as well as damages for any loss caused by Countrywide; and

  (c)  reasonable attorneys fees as set forth in O.C.G.A. § 44-14-3.

## VI. RELIEF SOUGHT

36. Plaintiffs seek on behalf of themselves and on behalf of each class member statutory liquidated damages, pursuant to O.C.G.A. § 44-14-3(c), as a result of each failure by Countrywide Home Loans, Inc. to fulfill its statutory duty under O.C.G.A. § 44-14-3 to Plaintiffs and the class members.

37. Plaintiffs seek on behalf of themselves and on behalf of the class reasonable attorneys fees pursuant to O.C.G.A. § 44-14-3(c).

38. Plaintiffs seek on behalf of themselves and on behalf of the class interest and any further relief provided by law and as the Court deems just and proper for each member of the class.

WHEREFORE, Plaintiffs, individually and in their representative capacity on behalf of the class of all similarly situated persons, respectfully request that the Court certify this case as a class action as follows:

  (a)  That the case be certified as a class action pursuant to Fed. R. Civ. P. 23;

  (b)  That the Court certify a Rule 23(b)(3) class and award the class liquidated damages, as well as attorneys fees, interest, and any further damages and relief as the Court deems just and proper for each member if the class; and

   (c)  That Plaintiffs and the class have a trial by jury.

This 12th day of February, 2007.

                    Respectfully submitted:

                    CHARLES A. GOWER, P.C.

                    */s/ Charles A. Gower*
                    CHARLES A. GOWER
                    Georgia Bar No.: 303500

1425 Wynnton Road
Post Office Box 5509
Columbus, Georgia 31906
(706) 324-5685

                    PHILIPS-BRANCH

                    */s/ Ben B. Philips*
                    BEN B. PHILIPS
                    Georgia Bar No.: 575550

1415 Wynnton Road
Post Office Box 2808
Columbus, Georgia 31902
(706) 323-6461

                    *Attorneys for Plaintiff*