IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BRADLEY Y. SCHORR; LORI A. SCHORR, Individually and on behalf of a Class of similarly situated persons; | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 4:07-CV-19 (WLS) |
| COUNTRYWIDE HOME LOANS, INC., | : : | |
| Defendant. | : : | |
| _____ | : | |

## ORDER

Presently pending before the Court are Plaintiffs' Motion to Certify Class (Doc. 3), Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 6), the parties' Joint Motion to Lift Stay (Doc. 23), Defendant's Renewed Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 24), and Plaintiffs' Motion to Certify Question of State Law to Georgia Supreme Court (Doc. 27). For the following reasons, Plaintiffs' Motion to Certify (Doc. 27) is **GRANTED**. Plaintiffs' Motion to Certify Class (Doc. 3), Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 6), and Defendant's Renewed Motion to Dismiss (Doc. 24) are **STAYED**. The parties' Joint Motion to Lift Stay (Doc. 23) is **DENIED as moot**.

## BACKGROUND

Plaintiffs financed their homes in Georgia with Defendant. Plaintiffs assert that upon full repayment of their loans, Defendant failed to cancel the security deed within the requisite time. Plaintiffs assert that they are entitled to liquidated damages pursuant to O.C.G.A. § 44-14-3(c).

## DISCUSSION

1

Both parties agree that no Georgia court has squarely addressed the issue of the ability of named plaintiffs' pre-suit demand on behalf of putative class members to satisfy the pre-suit demand for litigated damages pursuant to O.C.G.A. § 44-14-3(c).  In the context of administrative remedies, the Supreme Court of Georgia determined that satisfaction by named plaintiffs satisfied the requirement for all class members.  *See* Barnes v. City of Atlanta, 281 Ga. 256, 258 (2006).  In SunTrust Bank v. Hightower, the Court of Appeals of Georgia dismissed plaintiffs' class action claims pursuant to O.C.G.A. § 44-14-3, where none of the plaintiffs filed written pre-suit demand.  291 Ga. App. 62, 64-65 (2008).  Accordingly, both Barnes and SunTrust are distinguishable from the instant action.[1]

A federal court has discretion whether or not to certify a question of state law to a state's highest court.  *See generally* Lehman Bros. V. Schein, 416 U.S. 386, 390-91 (1974) (discussing ability of federal courts to certify questions of state law questions to a state's Supreme Court). Georgia law provides that a district court of the United State may certify a question regarding state law to its Supreme Court.[2]  O.C.G.A. § 15-2-9(a).  "Where there is any doubt as to the application of state law … a federal court should certify the question to the state supreme court to avoid making unnecessary Erie guesses and to offer the state court the opportunity to interpret or change existing law."  *See* Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 399 F.3d 1276, 1279 (11th Cir. 2005) (internal citations omitted).

---

[1] The Court also notes that SunTrust v. Hightower was not brought before the Supreme Court of Georgia– the state's highest authority on the interpretation of Georgia law.  *See generally* Wilson v. Bd. of Regents, 246 Ga. 649, 650 (1980) (noting authority of Supreme Court of Georgia to interpret Georgia statutes).

[2] Certification proper by federal district court where there are "questions of the laws of this state which are determinative of the case and there are no clear controlling precedents in the decisions of the Supreme Court of this state, such federal court may certify the questions of the laws of this state to the Supreme Court of this state for answers to the questions of state law, which certificate the Supreme Court of this state may answer by written opinion." § 15-2-9(a).

Since there is no clear, controlling precedent from the Supreme Court of Georgia addressing the legal issue in this case, the Court certifies the following question to the Supreme Court of Georgia:

> WHETHER NAMED PLAINTIFFS IN A CLASS ACTION MAY, PURSUANT TO O.C.G.A. § 44-14-3, SATISFY THE PRE-SUIT WRITTEN DEMAND REQUIREMENT FOR LIQUIDATED DAMAGES ON BEHALF OF PUTATIVE CLASS ACTION MEMBERS BY THE NAMED PLAINTIFFS' SATISFACTION OF THE WRITTEN DEMAND REQUIREMENT.

Accordingly, Plaintiffs' Motion to Certify Question of State Law to Georgia Supreme Court (Doc. 27) is **GRANTED**.

## **CONCLUSION**

Accordingly, based on the findings stated herein, Plaintiff's Motion to Certify (Doc. 27) is **GRANTED**. The entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Georgia. This case is otherwise **STAYED**. Plaintiffs' Motion to Certify Class (Doc. 3), Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 6), and Defendant's Renewed Motion to Dismiss (Doc. 24) are **STAYED**. The parties' Joint Motion to Lift Stay (Doc. 23) is **DENIED as moot**. The Court further orders the captioned case be administratively closed and reopened upon the issuance of an opinion by the Supreme Court of Georgia.

**SO ORDERED**, this  29th   day of September, 2009.

  /s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**