# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| BRADLEY Y. SCHORR; LORI A. SCHORR, Individually and on behalf of a Class of similarly situated persons; | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 4:07-CV-019 (WLS) |
| COUNTRYWIDE HOME LOANS, INC., | : : | |
| Defendant. | : : | |

## ORDER

Presently pending before the Court is Plaintiffs' Motion to Reopen Case (Doc. 33), Plaintiffs' Motion to Set Scheduling Conference, and Defendant's Motion to Continue Stay of Proceedings (Doc. 35). Also, prior to the imposed stay in this matter, pending before the Court were Plaintiffs' Preliminary Motion to Certify Class (Doc. 3), and Defendant's Motions to Dismiss Plaintiffs' Class Action Complaint (Doc. 6 and 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons discussed more fully below, Plaintiffs' Motion to Reopen Case (Doc. 33) is **GRANTED**, Plaintiffs' Motion to Set Scheduling Conference is **GRANTED**, Defendant's Motion to Continue Stay of Proceedings (Doc. 35) is **DENIED-as-MOOT,** Plaintiffs' Preliminary Motion to Certify Class (Doc. 3) is **DENIED-without-prejudice** as premature, and Defendant's Motions to Dismiss Plaintiffs' Class Action Complaint (Doc. 6 and 24) is **DENIED**.

## BACKGROUND

Plaintiffs filed this action on February 12, 2007 after financing their homes in Georgia with Defendant. (Doc. 1). Plaintiffs assert that upon full repayment of their loans, Defendant

1

failed to cancel the security deed within the requisite time. Id. Plaintiffs also filed a Motion to Certify Class on February 12, 2007. (Doc. 3). On March 6, 2007, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint. (Doc. 6).

On March 19, 2007, the parties filed a Consent Motion to Stay Discovery during the pendency of the Motion to Dismiss. (Doc. 11). On March 22, 2007, Defendant filed a Motion to Stay Response Time regarding Plaintiff's Motion for Preliminary Class Certification. (Doc. 13). Plaintiffs submitted a Response to Defendant's Motion to Dismiss on March 29, 2007. (Doc. 14). Defendant filed a Reply to Plaintiffs' Response on April 16, 2007. (Doc. 15). The Court granted Defendant's Motion to Stay the deadline for Defendant's Response to Plaintiffs' Motion for Preliminary Class Certification until after the Rule 16 and 26 Order on April 13, 2007. (Doc. 16).

On December 7, 2007, the parties filed a Joint Motion to Stay Ruling in regards to Defendant's Motion to Dismiss until Resolution of SunTrust Bank v. Chad R. Hightower, 291 Ga. App. 62, 660 S.E.2d 745 (2008). (Doc. 19). On July 23, 2008, the Court granted the parties Motion to Stay. (Doc. 21). On November 12, 2008, the parties filed a Joint Motion to Lift the imposed Stay. (Doc. 23). Defendant filed a Renewed Motion to Dismiss Plaintiff's Class Action Complaint on December 15, 2008. (Doc. 24). Plaintiffs' filed a Response on January 7, 2009. (Doc. 25). Defendant's filed a Reply on January 23, 2009. (Doc. 26). On July 28, 2009, Plaintiffs filed a Motion to Certify Question of State Law to Georgia Supreme Court. (Doc. 27). On August 20, 2009, Defendant filed a Response to Plaintiffs' Motion to Certify Question of State Law. (Doc. 28). On September 2, 2009, Plaintiffs filed a Reply Brief. (Doc. 29).

On September 30, 2009, this Court granted Plaintiff's Motion to Certify Question of State Law. (Doc. 30). The Court's Order also stayed Defendant's Motion to Dismiss (Doc. 6) and Plaintiffs' Preliminary Motion to Certify (Doc. 3). Id. On July 12, 2010, the Supreme Court of

2

Georgia answered the Certified Question in the affirmative, and an Order was entered on August 2, 2010. (Doc. 32). On September 1, 2010, Plaintiffs filed a Motion to Reopen this Matter. (Doc. 33). On September 3, 2010, Plaintiffs filed a Motion to Set Scheduling Conference. (Doc. 34). On September 16, 2010, Defendant filed a Motion to Continue Stay of Proceedings and a Response to Plaintiffs' Motion to Set Scheduling Conference. (Doc. 36). Plaintiffs filed their Response to Defendant's Motion to Continue Stay of Proceedings on September 29, 2010. (Doc. 37). On October 25, 2010, Defendant filed a Reply to Plaintiffs' Response withdrawing its Motion to Continue the Stay in this action (Doc. 35). (Doc. 40). The Motions to Dismiss and Motions to Continue the Stay in this matter are now fully briefed and ripe for ruling.

## DISCUSSION

### I. Standard of Review

#### a. Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss a Plaintiff's Complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" Edwards v. Prime, Inc, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting Rivell v. Private Health Care Sys, Inc, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the Complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" Edwards, 602 F.3d at 1291 (quoting Fin. Sec. Assurance, Inc. v. Stephens, Inc, 500 F.3d 1276, 1282 (11th Cir. 2007)).

3

While the Court must conduct its analysis "accepting the allegations in the Complaint as true and construing them in the light most favorable to the Plaintiff," Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw Plaintiff's inference.'" Sinaltrainal v. Coca-Cola Co, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting Aldana v. Del Monte Fresh Produce, N.A, Inc, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949-54 (2009) (citing Twombly, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a Complaint). The "threshold of sufficiency that a Complaint must meet to survive a Motion to Dismiss for failure to state a claim is … exceedingly low[, but not nonexistent]." Ancata v. Prison Health Servs. Inc, 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

**II.    Analysis**

    **a.    Plaintiff's Preliminary Motion to Certify (Doc. 3)**

In light of Defendant's October 25, 2010 Reply brief withdrawing its Motion to Continue the Stay in this Matter (Doc. 35), only the pending Motions to Dismiss (Doc. 6 and 24) will be substantively addressed herein. Further, Plaintiffs' Motion to Reopen Case (Doc. 33) is **GRANTED** and Plaintiffs' Motion to Set Scheduling Conference (Doc. 34) is **GRANTED.** Defendant's Motion to Continue Stay of Proceedings (Doc. 35) is **DENIED-as-MOOT**.

Plaintiffs' Preliminary Motion to Certify Class (Doc. 3) is premature. Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court expressly provide for a "Preliminary Motion to Certify Class," and Plaintiffs indicate that this motion is better considered at a non-

4

"preliminary" time. In fact, Plaintiffs themselves admit that this motion is premature, and request that judgment be deferred until after discovery. (Doc. 3). Therefore, Plaintiffs' "Preliminary Motion to Certify Class" (Doc. 3) is **DENIED-without-prejudice** as premature. See Bradford v. WR Starkey Mortgage, LLP, No. CIV A 206-CV-86-WCO, 2007 WL 2302514, at *2 (N.D.Ga. Aug.2, 2007) ("In light of the fact that plaintiff intends to file a supplemental motion for class certification at the close of discovery, plaintiff's preliminary motion for class certification … is hereby DENIED without prejudice subject to renewal after the expiration of the discovery period."); Jones v. Bank of America Corp., No.4:08-CV-152, 2009 WL 3161696, at 1, *2 (M.D.Ga., September 29, 2009). The Court finds that denial of Plaintiffs' motion has no impact on the ultimate issue of class certification.

### b. Defendant's Motions to Dismiss (Doc. 6 and 24)

Plaintiffs Bradley and Lori Schorr ("Plaintiffs" or "the Schorrs"), entered into a Promissory Note with Fairfield Financial Services, Inc., d/b/a Group Financial, on December 5, 2002 in connection with the purchase of a home located in Harris County, Georgia. The mortgage loan and the deed securing repayment of that loan, were subsequently assigned to Countrywide ("Defendant" or "Countrywide"). On July 30, 2003, Plaintiffs repaid the promissory note in full. On November 3, 2003, counsel for the Plaintiffs sent Countrywide Home Loans Servicing LP a letter, stating that counsel was unable to locate a cancellation of the security deed securing Plaintiffs' loan in the clerk's office. This letter further made a demand for $500.00 in liquidated damages as provided in O.C.G.A. § 44-14-3(c).

In December 2004, counsel for the Plaintiffs filed an Affidavit for Cancellation with the Harris County clerk's office. Plaintiffs filed this suit on February 12, 2007, seeking liquidated damages pursuant to O.C.G.A. § 44-14-3(c) and alleging that Defendant did not timely release the relevant Security Deed after the relevant promissory note was paid in full. In their

5

Complaint, Plaintiffs seek to represent all Georgia citizens who, within the last 20 years, borrowed funds from Defendant but for whom Defendant allegedly did not submit a cancellation of the security deed within 60 days of loan payoff.

Plaintiffs made a written demand that Defendant pay liquidated damages under O.C.G.A. § 44-14-3(c). The Complaint does not allege, however, that each of the unnamed members of the proposed Plaintiff class made a written demand to Defendant for payment of the liquidated damages amount, as required by the statute. Plaintiffs attempted to use their pre-suit demand to satisfy O.C.G.A. § 44-14-3(c)'s requirement that a borrower present a written demand to the lender for payment of the liquidated damages amount for all possible class action Plaintiffs. Defendant objected to the use of the Schorr's pre-suit demand as notice for all class action Plaintiffs under O.C.G.A. § 44-14-3(c).

In their briefing before the Court, both parties agreed that no Georgia court had squarely addressed the issue of the ability of named plaintiffs' pre-suit demand on behalf of putative class members to satisfy the pre-suit demand for liquidated damages pursuant to O.C.G.A. § 44-14-3(c). In the absence of controlling precedent from the Supreme Court of Georgia addressing the legal issue in this case, the Court certified the following question to the Supreme Court of Georgia:

> WHETHER NAMED PLAINTIFFS IN A CLASS ACTION MAY, PURSUANT TO O.C.G.A. § 44-14-3, SATISFY THE PRE-SUIT WRITTEN DEMAND REQUIREMENT FOR LIQUIDATED DAMAGES ON BEHALF OF PUTATIVE CLASS ACTION MEMBERS BY THE NAMED PLAINTIFFS' SATISFACTION OF THE WRITTEN DEMAND REQUIREMENT.

In response, the Georgia Supreme Court found that Plaintiffs pre-suit demand satisfied O.C.G.A. § 44-14-3. See Schorr v. Countrywide Home Loans, Inc., 287 Ga. 570, 697 S.E.2d 827 (2010) (Melton, J., dissenting). The court, referencing its opinion in Barnes v. City of Atlanta, 281 Ga. 256, 257 (1), 637 S.E.2d (2006) (Barnes II) stated that "by participating as a

Plaintiff in a class action that includes a claim for [liquidated damages] a [grantor of a security deed] is unquestionably bringing an action for [liquidated damages], which is what the statute permits." (citation omitted.) Id. at 571. The Court further found that, "any [such grantor] whom the named Plaintiffs represent and who does not ultimately opt out of the class action is considered to have brought suit for [liquidated damages] at the same time as the named Plaintiffs in this case are generally permitted to act as representatives on behalf of the entire class." See Schorr, 287 Ga. 570, 571 (quoting Barnes, 281 Ga. 256 at 258).

The Georgia Supreme Court further explained that the most important consideration in this context was the Defendant's need for early notice of its "potential liability." Id. at 829. The Court found that in the present case, "the named Plaintiffs' written demand and filing of the lawsuit put Defendant on notice of a class action which is governed by former O.C.G.A. § 44-14-3 and which includes all of its customers whose security deeds had not been cancelled as required by that same substantive law." Schorr, 287 Ga. 570 at 572. Because the purpose of the statutory law was to effect the protection of all class members, the facts of the instant case did not warrant deviation from the general rule that named Plaintiffs in a class action can satisfy precondition suits on behalf of the entire class. Id.

Therefore, for the foregoing reasons, Defendant's Motions to Dismiss Plaintiffs' Class Action Complaint (Doc. 6 and 24) is **DENIED**.

## CONCLUSION

For the reasons articulated above, Defendant's Motions to Dismiss (Doc. 6 and 24) are **DENIED**. Plaintiffs' Motion to Reopen Case (Doc. 33) is **GRANTED** and Plaintiffs' Motion to Set Scheduling Conference (Doc. 34) is **GRANTED.** Defendant's Motion to Continue Stay of Proceedings (Doc. 35) is **DENIED-as-MOOT**. Plaintiffs' Preliminary Motion to Certify Class (Doc. 3) is **DENIED-without-prejudice** as premature. Defendant is hereby **ORDERED** to file

an Answer to Plaintiffs' Complaint within 14 days from the entering of this Order pursuant to Fed. R. Civ. P. 12(a)(4)(A).[1]  The Court will by separate Order notice the remaining parties for a Rule 16 and 26 scheduling conference.

**SO ORDERED**, this  1st  day of November, 2010.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**

---

[1] Federal Rule of Civil Procedure 12 (a)(4)(A) states that "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."