# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| BRADLEY Y. SCHORR; LORI A. SCHORR, Individually and on behalf of A Class of similarly situated persons; | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 4:07-CV-019 (WLS) |
| COUNTRYWIDE HOME LOANS, INC., | : : | |
| Defendant. | : : | |

## **ORDER**

Presently pending before the Court is Defendant Countrywide Home Loans, Inc.'s Motion for Entry of Amended Protective Order, filed February 22, 2013. (Doc. 66.) Therein, Defendant requests that the Court enter the proposed amended protective order to "further clarify the procedures for the use of confidential information." (*Id.*) On March 29, 2013, well after the 21-day response deadline, Plaintiffs filed their "Objection Regarding Entry of Amended Protective Order." (Doc. 71.) Specifically, Plaintiffs object to Paragraph 7 of the Amended Protective Order, which states:

> 7. <u>Restriction of "CONFIDENTIAL" Materials</u>. Plaintiff shall not use any "CONFIDENTIAL" Materials to discover or attempt to discover the identities of or personal information about putative or potential putative class members in this Litigation, to communicate or attempt to communicate with putative or potential putative class members in this Litigation, or to discover or attempt to discover the identification of or personal information about current or former borrowers of Defendant's unless and until such time as a class is certified in this Litigation. Nothing in this Order shall be deemed to restrict Plaintiffs or their counsels' ability to communicate with or advise individuals who have independently inquired of or communicated with Plaintiffs' counsel.

Per Plaintiffs, this provision of the proposed Amended Protective Order 1) improperly attempts to impede Plaintiffs' ability to identify members of their potential class by

1

prohibiting Plaintiffs from using confidential information to ***discover* or *attempt to discover*** the identities of potential class members and 2) proposes a total prohibition on communications with potential class members without meeting the standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

A party seeking to modify a previously entered protective order must make a particularized showing of "good cause" in order to justify the amendment. Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."); *F.T.C. v. AbbVie Prods. LLC*, No. 12-16488, 2013 WL 1149311, at *10 (11th Cir. Mar. 21, 2013) (noting that the party seeking to modify the protective order bears the burden of showing good cause) (citations omitted); *see also Edwards v. Accredited Home Lenders, Inc.*, No. CV 07-0160, 2008 WL 1756364, at *2 (S.D. Ala. Apr. 11, 2008).

As to Plaintiffs' first contention, this Court agrees that it would vitiate the purpose of class-certification discovery to prohibit Plaintiffs from using the information provided by Defendants, even if designated CONFIDENTIAL, to "discover or attempt to discover the identities of or personal information about putative or potential putative class members." Defendant has not provided support for why such a restriction is appropriate or a reasonable basis for its proposed restrictions within the context of discovery during the class-certification stage. As this Court has noted previously, the point of "limiting discovery to the initial certification of the class" is for Defendants "to provide the basic identifying loan information . . . or other related information that might be used to identify members of the potential class." *Size v. Chase Mortgage Holdings, Inc.*, No. 4:06-cv-149 (WLS), at 1 (M.D. Ga. Mar. 28, 2008). In light of the already narrow parameters of class-certification discovery, any further limitation on

2

Plaintiffs' ability to use the discovered information to identify potential class members seems counterintuitive and unreasonable.

As to Plaintiffs' second contention, the Court finds that Defendants have failed to proffer any reasons for limiting Plaintiffs' ability to communicate with potential class members at this time. The Supreme Court made clear in *Gulf Oil* that a Court cannot limit communications with class members *as a matter of course*. Instead, the Court said that "[a]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101. Here, Defendant has failed to make any attempt to establish "good cause" to modify the original protective order to prohibit communications with potential class members. *See, e.g., Craft v. North Seattle Comm. College Found.*, No. 3:07-cv-132, 2009 WL 424266, at *2 (M.D. Ga. Feb. 18, 2009) (denying plaintiff's motion for protective order because plaintiff failed to demonstrate that defendant's conduct warranted the need for any restrictions); *Edwards*, 2008 WL 1756364, at *3 (denying defendants motion for a second protective order because defendants failed to establish "good cause" to modify the protective order to include preconditions on communications with putative class members); *Kerce v. West Telemarketing Corp.*, 575 F. Supp. 2d 1534, 1366 (S.D. Ga. 2008) (concluding that restrictions on communications with putative class members was unwarranted because plaintiff failed to present any evidence meeting the *Gulf Oil* standard). Thus, the Court finds no need to impose any restrictions on Plaintiffs' communications with potential class members at this time.

Accordingly, for the aforementioned reasons, Defendant's Motion to Amend, as to Paragraph 7 of the Amended Protected Order, is **DENIED**.[1]  The Court has also reviewed Defendant's request for a 60-day extension within which to complete its electronic document production (Doc. 73).  For the reasons stated therein, Defendant's Motion for Extension of Time (Doc. 73) is hereby **GRANTED**.

**SO ORDERED**, this  16th  day of April, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[1] The Court does acknowledge that it appears that Plaintiffs have *belatedly* sought to challenge Paragraph 7.  (*See* Doc. 73 at 4-5.)  The Court finds, however, that the issues addressed in Paragraph 7 of Defendant's proposed Amended Protective Order would have very seriously implications for the discovery process during the class-certification stage and should therefore be considered on the merits.  As such, the Court has chosen to sustain Plaintiffs' objection to the proposed Amended Protective Order, despite being untimely.  Plaintiffs are on notice that this Order should not be read as an indication that the Court will do so in the future.