**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| BRADLEY Y. SCHORR; LORI A. SCHORR, individually and on behalf of a class of similarly situated persons; :<br><br>Plaintiffs, :<br><br>vs. :<br><br>COUNTRYWIDE HOME LOANS, INC., :<br><br>Defendant. : | Case No. 4:07-CV-019 (WLS) |

**ORDER**

Presently pending before the Court is Countrywide Home Loans, Inc.'s Consent Motion for Sealed Filings. (Doc. 95.) Therein, Countrywide requests that it be permitted to file its Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Testimony of David L. Zarley, including exhibits to each, under seal with the Court. According to Countrywide, these documents and their attachments contain personal financial information, as well as confidential commercial and trade-secret information, that should be protected from public disclosure. In support of its motion, Countrywide also notes that Plaintiffs' Motion for Class Certification (Doc. 76) and all its supporting documentation, including the Affidavit of David L. Zarley, were filed under seal.

The sealing of documents is not a matter done out of routine. The right of public access, "an essential component of our system of justice [that] is instrumental in securing the integrity of the process," is not a right easily abridged. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted).

1

In order to establish that a document should be sealed, the moving party must demonstrate that good cause exists to seal the document.  *Id.* at 1313; *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 66 (11th Cir. 2013).

The Court has reviewed Plaintiffs' Motion for Class Certification (Doc. 76) and supporting documentation, and cannot find any reason why any document outside of the spreadsheet attached as Exhibit B to Mr. Zarley's affidavit (Doc. 76-3 at 9-24) would fall within the ambit of the Protective Order (Doc. 50).  The spreadsheet appears to be the only document that contains any "confidential" information justifying restrictive access.  No "good cause" has been shown for the restriction of these documents in their entirety.

The Court finds Defendant's motion to be likewise devoid of "good cause." Defendant asserts that its Opposition to Plaintiff's Motion for Class Certification and its Motion to Exclude Mr. Zarley's testimony include "similarly sensitive information."  The Court disagrees and concludes that neither memorandum of law contains any "sensitive" information that needs to be protected from public disclosure, in the Court's view.  In fact, because Defendant has not made a particularized showing, the Court is unsure to what "similarly sensitive information" Defendant is referring.

Defendant also asserts that its Opposition Brief and Motion to Exclude contain "trade secret" information regarding Countrywide's internal operating procedures, including how it communicates with its borrowers and keeps its records and its use of third-party vendors.  Defendant, however, has not demonstrated how the information regarding Countrywide's procedures is even a "secret."  Defendant cannot merely allege that its internal operating procedures constitute a "trade secret."  It must show how such information rises to the level of a trade secret within the bounds of relevant trade-secret

law. *See Chicago Tribune Co.*, 263 F.3d at 1313-14 n.13; *Carson Prods. Co. v. Califano*, 594 F.2d 453, 461-62 (5th Cir. 1979). Thus, because Defendant has failed to demonstrate how the information regarding its internal operating procedures constitutes a "trade secret," Defendant's Motion to Seal fails to show good cause to seal. *F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-cv-266, 2010 WL 4840046, at *4 (M.D. Fla. Nov. 23, 2010) (finding that defendant failed to establish "good cause" for sealing documents because defendant failed to describe how and why information contained therein constituted a trade secret).

Simply put, in relation to the briefing on the class certification, both sides have essentially tried to use the Protective Order to create a blanket "seal" cloaking *all* documents filed without regard for whether the documents in question even include any information covered by the Protective Order. Even a duly entered protective order does not create any such "blanket" right excusing the parties from meeting the good-cause standard for each pleading filed.

Notwithstanding the aforementioned observations on the propriety (or lack thereof) of the restrictions the Parties are unilaterally attempting to file their documents under, the Court will grant the instant consent motion to seal because some of the documents related to the class-certification briefing have already been filed on a restricted basis. Once the briefing has closed, however, the Court will further review all of the pleadings related to Plaintiffs' Motion for Class Certification. If the Court determines that any filing is not covered by the Protective Order, the Court may order that said document be made available for public access. Finally, also following the close of briefing on Plaintiffs' Motion for Class Certification, all future filings must be filed in the public docket, except upon articulated compelling grounds contemplated by the

relevant laws.  Accordingly, for the foregoing reasons, Defendant Countrywide Home Loans, Inc.'s Consent Motion for Sealed Filings (Doc. 95) is **GRANTED**.

    **SO ORDERED**, this   15th   day of October, 2013.

                                          /s/ W. Louis Sands
                                          **THE HONORABLE W. LOUIS SANDS,**
                                          **UNITED STATES DISTRICT COURT**